UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

FRANCISCO ZAMORA-PERS,

               Defendant.

------------------------------------X

08 Cr. 942-01(RWS)

SENTENCING OPINION

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-1-09

       On January 28, 2009, Francisco Zamora-Pers ("Zamora-Pers" or "Defendant") pleaded guilty to one count of distributing and possessing with an intent to distribute heroin and one count of distributing and possessing with an intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). For the reasons set forth below, Zamora-Pers will be sentenced to 95 months' imprisonment and 4 years supervised release. Zamora-Pers will also be required to pay a special assessment of $200.

**Prior Proceedings**

       On September 30, 2008, Indictment 08 CR 942-01 (RWS)

1

was filed in the Southern District of New York.  Count 1 of the indictment charges that on September 2, 2008, in the Southern District of New York and elsewhere, Zamora-Pers distributed and possessed with intent to distribute 100 grams and more of heroin in a vehicle that he was driving in the Bronx.  Count 2 of the indictment charges that on September 2, 2008, in the Southern District of New York and elsewhere, Zamora-Pers distributed and possessed with intent to distribute 1 kilogram and more of cocaine in a vehicle that he was driving in the Bronx.

On January 28, 2009, the Defendant appeared before the Honorable Kevin Nathanial Fox in the Southern District of New York and entered a plea of guilty to the criminal conduct as charged in accordance with a plea agreement.

Defendant's sentencing is currently scheduled for May 5, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d

Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Guidelines established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar

>    records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Zamora-Pers's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

In early September 2008, a cooperating witness ("CW"), acting at the direction of the New York Drug Enforcement Task Force ("Task Force"), facilitated a purchase of heroin. On September 2, 2008, the CW advised the Task Force that the heroin would be delivered that day, and that the drugs would be transported by an individual driving a red minivan in the vicinity of 955 Cauldwell Avenue, Bronx, New York.

Upon learning this information, Task Force officers established surveillance outside 955 Cauldwell Avenue. At approximately 5:00 p.m., the officers observed a red minivan arrive at this address. Only one individual, Defendant Zamora-Pers, was in the vehicle. The Defendant exited the minivan, empty handed, and walked into the apartment building at 955 Cauldwell Avenue. About 10 minutes later, Zamora-Pers exited the apartment building carrying a brown bag, entered the red minivan, and drove away.

Task Force officers followed Zamora-Pers's red minivan for approximately one mile before pulling the vehicle over in the vicinity of East 163rd Street, between Kelly and Tiffany Streets, Bronx, New York. Zamora-Pers was removed from the vehicle and one of the Task Force officers observed in the vehicle the brown bag that Zamora-Pers had carried out of 955 Cauldwell Avenue. The brown bag was open and the Task Force officer saw, in plain view, what appeared to be a compressed brick of cocaine. The Task Force officer also observed three clear plastic bags containing a tan powdery substance. Zamora-Pers was placed under arrest.

During a search incident to arrest, a small amount of cocaine was recovered from Zamora-Pers's pocket. Inside of the brown bag was approximately 1.6 kilograms of mixtures and substances containing cocaine and approximately 300 grams of mixtures and substances containing heroin.

After his arrest, Zamora-Pers was verbally advised of his <u>Miranda</u> rights and waived those rights. Zamora-Pers admitted that the narcotics were his and that he had an additional supply of drugs in Apartment 2G at 955 Cauldwell

Avenue. Task Force officers proceeded to that apartment, knocked on the door, and an individual ("Individual-1") answered the door. Individual-1 said that she lived in the apartment and that, while Zamora-Pers did not live there, he often stayed in the apartment. Individual-1 also consented, in writing, to a search of the apartment. The search resulted in the recovery from the bedroom closet of several plastic bags that were found to contain a small quantity of heroin and cocaine.

Based on the details of this offense, Zamora-Pers is responsible for the possession of approximately 1.6 kilograms of cocaine and approximately 300 grams of heroin.

**The Relevant Statutory Provision**

Pursuant to 21 U.S.C. § 841(b)(1)(B), the mandatory minimum term of imprisonment for Counts 1 and 2 is 5 years, and the maximum term of imprisonment is 40 years.

A term of at least four years' supervised release for Counts 1 and 2 is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(B).

The Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C. § 841(b)(1)(B).

The maximum fine for Counts 1 and 2 is $2,000,000, per count, for a total of $4,000,000, pursuant to 21 U.S.C. § 841(b)(1)(B). A special assessment of $200 is mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2008 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

In accordance with § 3D1.2(d) of the Guideliens, the counts of conviction are grouped for computation purposes, as the offense level is determined largely on the basis of the total amount of drugs involved.

The guideline for the violation of 21 U.S.C. §

8

841(b)(1)(B) is found in § 2D1.1. The Defendant distributed and possessed with intent to distribute 1.6 kilograms of cocaine and 300 grams of heroin. Because there are two controlled substances involved, the Drug Equivalency Table must be utilized in order to determine the base offense level. The marijuana equivalent for 1.6 kilograms of cocaine is 320 kilograms, and 300 grams of heroin is equal to 300 kilograms of marijuana, for a total marijuana equivalent of 620 kilograms. As a result, the base offense level is 28, pursuant to § 2D1.1(c)(6).

Since the offense level is 16 or greater, and because Zamora-Pers has shown recognition of his responsibility for the offense and has provided timely notification of his intention to plead guilty, allowing the Government to allocate its resources more efficiently, the offense is reduced three levels pursuant to § 3E1.1(a) and (b).

Accordingly, the applicable offense level is 25.

On January 25, 1993, Zamora-Pers pleaded guilty to 3rd degree criminal possession of a controlled substance and was sentenced to 18-54 months' imprisonment. Pursuant to §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants 3 criminal

history points. On June 4, 1996, Zamora-Pers pleaded guilty to conspiracy to distribute cocaine and was sentenced to 135 months' imprisonment and 5 years' supervised release. Pursuant to §§ 4A1.1(a) and 4A1.2(e)(1), this conviction warrants 3 criminal history points. At the time the instant offense was committed, the Defendant was on supervised release. Pursuant to § 4A1.1(d), two criminal history points are added. Accordingly, the Defendant has 8 criminal history points. According to the sentencing table at Chapter 5, Part A of the Guidelines, eight criminal history points establishes a Criminal History Category of IV.

Based on a total offense level of 25 and a Criminal History Category of IV, the Guidelines range for imprisonment is 84 to 105 months.

The Guidelines range for a term of supervised release is four to five years, pursuant to § 5D1.2(a)(1) and (c). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Because the instant offense is one for which probation

10

has been expressly precluded by statute, the Defendant is not eligible for probation pursuant to § 5B1.1(b)(2).

The fine range for the instant offense is from $10,000 to $4,000,000 pursuant to §§ 5E1.2(c)(3) and (c)(4)(A). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,076.83 to be used for imprisonment, a monthly cost of $301.80 for supervision, and a monthly cost of $1,905.92 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, imposition of a Guidelines

11

sentence is warranted.

**The Sentence**

For the instant offense, Zamora-Pers will be sentenced to 95 months' imprisonment and a four-year term of supervised release.

Zamora-Pers is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of supervised release. It is recommended that Zamora-Pers be supervised by the district of his residence.

As mandatory conditions of his supervised release, Zamora-Pers shall:  (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) shall cooperate in the collection of DNA as directed by the probation officer.  The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing as described below.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions that:

(1) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of

third-party payment.

(3) Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $200, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for May 5, 2009.

It is so ordered.

**New York, NY**
**April 30, 2009**

ROBERT W. SWEET
U.S.D.J.